Torrellas, Demandante y Apelante, v. Sanabria y Paoli et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Mayagüez en pleito sobre nulidad de contrato.

No. 1725.—Resuelto en julio 22, 1918.

Nulidad de Contratos e Inscripciones—Doble Venta.—En el presente caso aparece que la finca objeto de la demanda fué vendida dos veces: una, a Manuela y Esperanza Gómez, de quienes trae causa el demandante, y otra, a Manuela Bernard, de quien trae causa el demandado, y que el primero no inscribió su título en el registro y sí el segundo. Planteado así el debate, *se resolvió:* Que no habiendo la parte demandante presentado prueba de ninguna especie en relación con el fraude atribuído al comprador demandado y siendo insuficiente la del conocimiento de dicho comprador acerca de la venta de que trae causa el demandante, no obstante haberse verificado ésta con anterioridad a aquella de que trae causa el demandado, estuvo justifi-

cada la corte de distrito al decidir el pleito a favor del demandado haciendo aplicación de los artículos 1376 del Código Civil Revisado y 36 y 38 de la Ley Hipotecaria.

Los hechos están expresados en la opinión.

Las partes no comparecieron a la vista de este recurso.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Versa este pleito sobre nulidad de contratos e inscripciones. El 23 de junio de 1899 falleció en Mayagüez, don Pedro Paoli y Cintrón. En su testamento dispuso lo que sigue:

"La casa de mampostería y azotea que también se ha mencionado y que radica en la calle de Candelaria de esta ciudad, a Engracia Sanabria y Paoli y a Manuela y a Esperanza Gómez y Paoli por una tercera parte en condominio, cada una, haciendo constar asimismo el testador señor Paoli, que estos legados le serán entregados a los legatarios después que fallezca su esposa doña Manuela Bernard quien gozará del usufructo de dichas fincas legadas mientras viva; y si falleciere alguno de los legatarios, es asimismo voluntad del dicho testador, que acrezca hacia los legatarios sobrevivientes el legado que pertenezca al fallecido. Y que por la cláusula séptima del mencionado testamento, fué instituída única y universal heredera de don Pedro Paoli, su esposa doña Manuela Bernard y Lacourt."

El 13 de enero de 1908 comparecieron ante notario público la heredera Manuela Bernard y las legatarias Gómez Paoli y Sanabria representadas las Gómez Paoli, que eran aún menores de edad, por su tutor Florencio Comelín y la heredera hizo entrega a las legatarias de su legado, consistente en la nuda propiedad de la indicada casa, reservándose su derecho de usufructo mientras viviera.

El día 20 de los mismos mes y año, se otorgó otra escritura pública, por virtud de la cual la legataria Engracia Sanabria, asistida de su esposo, vendió por la suma de trescientos pesos su condominio a las otras legatarias Gómez y Paoli.

Manuela Gómez y Paoli falleció el 15 de enero de 1915. Y por escritura de 11 de mayo de 1916, Esperanza Gómez y Paoli vendió por seiscientos pesos a Cruz Bernard todos los derechos que tenía sobre la referida casa, a saber: la nuda propiedad en absoluto y la mitad del usufructo. La compradora, por escritura de 29 de mayo de 1916 y precio de setecientos cincuenta pesos vendió finalmente sus derechos al demandante Pablo Torrellas. Tal es' la historia del título del demandante alegada en la demanda y plenamente comprobada en el juicio.

El demandante alega, además, que Manuela Bernard, la heredera, Engracia Sanabria, una de las legatarias, y su esposo, el 25 de mayo de 1916, fraudulentamente puestos de acuerdo, otorgaron ante el notario Ramírez Vigo una escritura en la que hicieron aparecer como dueña de la finca a Engracia Sanabria, vendiéndola ésta a Manuela Bernard por el precio simulado de quinientos pesos. Que siguiendo en su propósito fraudulento la demandada Manuela Bernard en septiembre de 1916 tramitó un expediente posesorio y logró que la corte declarara justificada la posesión de la finca a favor de Pedro Paoli, inscribiéndola así en el registro. Que continuando en su plan de fraude Manuela Bernard y Engracia Sanabria hicieron inscribir en el registro el testamento de Paoli y acreditando la muerte de las dos·legatarias Manuela y Esperanza Gómez, lograron que se inscribiera a favor de la Sanabria completa la nuda propiedad y el usufructo a favor de la Bernard, obteniendo por último la inscripción del dominio pleno a favor de la Bernard por virtud del registro de la escritura de 25 de mayo de 1916 de que se deja hecho mérito.

Y alegó también el demandante que las demandadas Ber-

nard y Sanabria fraudulentamente vendieron al demandado Rodolfo Ramírez Vigo la finca, conociendo el comprador que la vendedora sólo tenía la mitad del usufructo de la finca.

La contestación de los demandados puede resumirse así: Aceptan el testamento de Paoli y sostienen que de acuerdo con sus términos muertas las dos legatarias Esperanza y Manuela Gómez antes que la heredera todos los derechos a la nuda propiedad pasaron a la legataria demandada Engracia Sanabria; que Engracia Sanabria los vendió en efecto a la heredera Manuela Bernard quedando ésta convertida en dueña absoluta de la finca y como tal la vendió finalmente a Ramírez Vigo. Los demandados sostienen que el contrato por virtud del cual Cruz Bernard aparece vendiendo la finca al demandante Torrellas, es simulado, y que lo es también la escritura de 20 de enero de 1908 por virtud de la cual la legataria Sanabria aparece vendiendo su derecho a favor de las otras legatarias Gómez Paoli.

Sometido así el pleito a la decisión de la corte, ésta lo resolvió en contra del demandante quien interpuso entonces el presente recurso de apelación.

La corte sentenciadora no estudió en su opinión la cuestión planteada por los demandados con respecto a si no obstante los hechos realizados entre la heredera y las legatarias, es lo cierto que muertas dos de las legatarias antes que la heredera, de acuerdo con la voluntad del testador la legataria sobreviviente se convirtió en la única dueña de la nuda propiedad y pudo así trasmitirla válidamente a la heredera. Dicha corte estimó que se trataba de un caso de doble venta y se expresó así:

"La cuestión esencial a discutir, es la de si la venta hecha por Manuela Bernard a favor de Rodolfo Ramírez Vigo es nula o es válida.

"Esta corte entiende no solamente que no se ha probado la nulidad de dicha escritura, sino que en la demanda no existe alegación especificando qué hechos realizó el demandado Ramírez Vigo y de los cuales puede inferirse que tenía conocimiento de que el título de la vendedora era un título nulo; sólo se alega una conclusión de derecho a la cual no viene obligado el demandado a contestar, y faltando esta alegación, no existe causa de acción, no existiendo tampoco prueba de ninguna clase de la nulidad o simulación que alega en la demanda respecto a los otros títulos.

"En opinión de la corte la cuestión que aquí se plantea está resuelta en el artículo 1376 del Código Civil según el cual, si una misma cosa se hubiere vendido a diferentes compradores y fuere inmueble, la propiedad de ella pertenecerá al adquirente que antes la haya inscrito en el registro.

"En este caso Engracia Sanabria hizo venta de sus derechos en la casa descrita en el hecho segundo de la demanda, dos veces: una vez a favor de Manuela y Esperanza Gómez, de quienes trae causa y título el demandante; y otra vez a favor de Manuela Bernard, de quien trae causa y título el demandado Rodolfo Ramírez Vigo.

"El demandante no inscribió su título; el demandado Ramírez Vigo lo inscribió, luego éste es el dueño de la finca de que se trata.

"Además, hay que tener en cuenta los preceptos de los artículos 36 y 38 de la Ley Hipotecaria, que son de especial aplicación a este caso y que dicen así:

" 'Artículo 36.—Las acciones rescisorias y resolutorias no se darán contra tercero que haya inscrito los títulos de sus respectivos derechos, conforme a lo prevenido en esta Ley.'

" 'Artículo 38.—En consecuencia de lo dispuesto en el artículo 36 no se anularán ni rescindirán los actos o contratos en perjuicio de tercero que haya inscrito su derecho, por ninguna de las causas siguientes:

" '4ª Por la doble venta de una misma cosa, cuando alguna de ellas no hubiera sido inscrita.

"Y teniendo en cuenta que la finca de que se trata fué vendida dos veces, y que el demandante presenta su demanda porque su título no está inscrito y fundándose en eso pide la nulidad del título inscrito del demandado, se llega a la conclusión de que el demandante carece de acción para interponer su demanda.''

Hemos examinado cuidadosamente el alegato de la parte apelante y a nuestro juicio la corte sentenciadora no ha cometido ninguno de los errores que se le atribuyen.

La parte demandante no presentó prueba de ninguna especie en relación con el fraude atribuído al comprador Ramírez Vigo, y en cuanto al conocimiento que el dicho comprador pudiera tener de que la finca había sido vendida previamente al demandante, sólo se presentó como prueba una constancia puesta al pie de cierta copia de una escritura por el dicho Ramírez Vigo en su carácter de notario público. No aparece que sobre esa constancia se llamara la atención en la corte de distrito. El documento se introdujo claramente para otro fin. Además, es tan poco precisa y tan susceptible de otras interpretaciones, que no puede servir de base para concluir por sí sola que cuando Ramírez Vigo adquirió la finca de que se trata, sabía que había sido vendida al demandante.

Siendo esto así, no es necesario entrar en el estudio de ninguna de las otras cuestiones que puedan estar envueltas en el pleito, pues si Ramírez Vigo adquirió válidamente, el derecho que a la finca pudiera tener el demandante resulta enteramente ineficaz. Su título quedó destruído por el título superior del demandado.

Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Aldrey no intervino en la resolución de este caso.